NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALFONSO MONJARAS MAZARIEGOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1916

Agency No.
A215-581-011

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2023[**]

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Alfonso Monjaras Mazariegos, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his applications for

asylum and withholding of removal, and granting him protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Although Monjaras Mazariegos contends that the BIA erred by denying him withholding of removal under CAT, this contention is misplaced. The IJ granted withholding of removal under CAT, the Department of Homeland Security withdrew its appeal to the BIA with respect to the grant of CAT protection, and the BIA did not disturb the IJ's determination. Therefore, the IJ's grant of withholding of removal under CAT remains in place.

Substantial evidence supports the agency's determination that Monjaras Mazariegos failed to establish he was or would be persecuted on account of a protected ground. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) ("The applicant must demonstrate a nexus between her past or feared harm and a protected ground.") (citation omitted); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"). Thus, his asylum claim fails. Because Monjaras Mazariegos failed to establish any nexus at all, he also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

22-1916

We do not address Monjaras Mazariegos's contentions as to whether the harm suffered rose to the level of persecution and the cognizability of the proposed particular social groups because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**